Barry M. Walker (SBN 195947)
Amy M. Oakden (SBN 248408)
WALKER TRIAL LAWYERS, LLP
31618-1 Railroad Canyon Road
Canyon Lake, CA 92587
bmw@walkertriallawyers.com
951.667.5792
951.821-7150 fax

Attorneys for Plaintiff, ROBIN ROBERTS

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ROBERTS, Individually and as Successor in Interest of RAYMOND ROBERTS,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; SHERIFF STANLEY SNIFF, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**DECLARATION OF ROBIN ROBERTS REGARDING SURVIVAL ACTION BY SUCCESSOR IN INTEREST, MOTHER OF DECEDENT** |

Plaintiff ROBIN ROBERTS, individually and as a Successor in Interest, complains of Defendants COUNTY OF RIVERSIDE, SHERIFF STANLEY SNIFF, and DOES 1 through 50, inclusive, as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. The state law claims for relief

contained herein are within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. Pursuant to California Government Code §§ 910, *et seq.*, the Plaintiff filed a timely Claim for Damages, which was duly rejected by the COUNTY OF RIVERSIDE. Accordingly, the pendent state claims are properly before this Court. The COUNTY OF RIVERSIDE is liable for the actions of its employees brought under state law pursuant to California Government Code § 815.2.

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1367 as the acts complained of in this complaint occurred in the City of Lake Elsinore, County of Riverside, in the State of California, which is within the boundaries of the Central District of California.

## PARTIES

3. As alleged more fully below, this Compliant arises out of the shooting and death of RAYMOND ROBERTS ("Decedent"). Plaintiff, ROBIN ROBERTS, is the Decedent's mother and is the proper Plaintiff to this action in that the Decedent died without a spouse or children. Plaintiff asserts this Complaint: (a) in her capacity as a successor in interest of the Decedent, pursuant to California Code of Civil Procedure §§377.10, *et seq.*, and 42 U.S.C. § 1988; and (b) in her individual capacity for the wrongful death of the Decedent pursuant to California Code of Civil Procedure § 377.60, *et seq.*, and 42 U.S.C. §§ 1983 and 1988.

4. Prior to and on January 16, 2014, and at all relevant times herein, Defendants DOES 1 to 50, inclusive, were peace officers, deputy sheriffs, law enforcement officers, agents and employees of the Defendant COUNTY OF RIVERSIDE acting within the course and scope of such agency and employment under the color of law.

5. At all times relevant herein, Defendant COUNTY OF RIVERSIDE was a public entity, duly organized and existing under and by virtue of the laws of the State of California with the capacity to sue and be sued. Defendant COUNTY OF RIVERSIDE was responsible for the hiring, training, and supervising of the conduct, policies, procedures, practices and customs of its employees and agents of the COUNTY OF RIVERSIDE, and its sheriff's department, agencies, bureaus and all of its members, agents and employees.

6. Plaintiff is informed, believes and based thereon alleges that at all times material herein, COUNTY OF RIVERSIDE's sheriff's department was a public entity, duly organized and existing under and by virtue of the laws of the State of California. Plaintiff is further informed, believes and based thereon alleges that at all times material herein, COUNTY OF RIVERSIDE's sheriff's department operates as a public entity under the laws of the State of California as a public entity and as such has the capacity to be sued pursuant to the Federal Rules of Civil Procedure, Rule 17(b). However, the Sheriff of the COUNTY OF RIVERSIDE's sheriff's department is elected by the people of the County of Riverside and he has

the authority to hire police personnel, train law enforcement personnel, supervise police personnel and terminate the employment of law enforcement personnel.

7. At all times relevant herein, the COUNTY OF RIVERSIDE's Board of Supervisors, COUNTY OF RIVERSIDE's sheriff's department and its command officers, including SHERIFF STANLEY SNIFF, and DOES 1-10, are responsible for carrying out the hiring, training, probation, ensuring the qualifications of and periodically reviewing the conduct and performance of its deputies, dispatchers and supervisors. The COUNTY OF RIVERSIDE's sheriff's department and its command officers, including SHERIFF STANLEY SNIFF, and DOES 1-10, are further responsible for the review of privileged information and for the implementation of departmental procedures that carry out the COUNTY OF RIVERSIDE's sheriff's department's policies with respect to the use of force and tactics to be used by its law enforcement personnel, and investigation of allegations of misconduct brought against its officers and employees, whether on-duty or off-duty, in uniform or not, and whether in the course and scope of their employment or not.

8. At all times relevant herein, Defendant SHERIFF STANLEY SNIFF ("SHERIFF SNIFF") was elected to be the sheriff of the COUNTY OF RIVERSIDE's sheriff's department. In conjunction with said position, SHERIFF SNIFF was delegated with the authority and responsibility of carrying out the training, supervisory, and disciplinary functions of the COUNTY OF RIVERSIDE's

COMPLAINT

sheriff's department, and was responsible for establishing and implementing departmental policies with respect to the use of deadly force and proper use of tactics as well as the investigation of allegations of such misconduct brought against its deputies, dispatchers, supervisors and employees. At all times relevant, SHERIFF SNIFF was acting in the course and scope of his employment and under the color of law. SHERIFF SNIFF is sued in his individual capacity for the purposes of this lawsuit.

9. At all times relevant herein, DOES 1-10 were employed by the COUNTY OF RIVERSIDE, located in the State of California and deputies, peace officers or law enforcement officers and used unreasonable force when they shot and killed the Decedent as explained in more detail below. The identities of DOES 1-10 are not known by the Plaintiff at this time; however, each are sued in their individual capacities and this Complaint will be amended at such time that their identities become known to the Plaintiff.

10. Prior to and on January 16, 2014, and at all relevant times herein, Defendants, and each of them, as well as their agents and employees acting within the course and scope of such agency and employment and under the color of law, intentionally, deliberately, indifferently, recklessly, and/or negligently and unreasonably failed to: (a) train and supervise their employees, agents, and subordinates, including DOES 1 to 50, inclusive, with respect to the proper manner for properly and safely detaining or taking into civil or criminal custody individuals,

such as the Decedent.

## FACTS

11. On or about January 16, 2014, at approximately 7:50 p.m., the Decedent had just awoken in the driver's seat of his parked car. He received a telephone call from and was speaking with his mother ROBIN ROBERTS. While he was on the phone with this mother, several uniformed Riverside County Sheriff's Deputies approached the Decedent. Present in the car was his girlfriend, Melissa Quinn.

12. Plaintiff is informed and believes that at all relevant times, the Decedent's hands were in a visible position to the deputies to demonstrate that he was not armed. Plaintiff ROBIN ROBERTS, who was still on the phone with her son, could hear over the phone a muffled conversation wherein she heard the Decedent make the following statements: (1) "Ouch!"; (2) "It won't move!"; (3) "I can't!"; and (4) "I'm trying!" ROBIN ROBERTS is informed and believes that at the time of the fatal shooting, the driver's side window was broken and not able to roll down. Immediately following the above-referenced statements by Decedent, the phone was set down or dropped in a way so as to prevent the receiver from transmitting any additional sound to ROBIN ROBERTS.

13. Plaintiff alleges based on information and belief that, just after the Decedent showed his hands, and without provocation or warning, an unknown number of deputies, DOES 1 through 10, opened fire on the Decedent and killed

him. The Decedent did not threaten any of the deputies, did not possess a firearm or any other weapon likely to cause imminent death or serious bodily injury to the deputies. Based upon information and belief, DOES 1 through 10, have asserted that the Decedent began to move his vehicle, which prompted them to open fire; however, DOES 1 through 10 deployed deficient approach tactics and placed themselves in a position that caused them to use force. Such could have been avoided had appropriate tactics been deployed.

14. As a result of DOES 1 through 10's unreasonable use of force, the Decedent was pronounced dead from gunshot wounds at the scene of the incident in the business parking lot of Tom's Burgers, located at 18492 Dexter Avenue, Lake Elsinore, California 92532.

## FIRST CAUSE OF ACTION
### Violation of Decedent's Rights Secured by the Fourth Amendment to Be Secure in His Person and to Be Free From the Excessive Use of Force, pursuant to 42 U.S.C. §§ 1983 and 1988

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 15 as fully set forth herein.

16. Plaintiff asserts in this First Cause of Action for the violation by the Defendants of Decedent's rights secured by the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988, and the <u>California Code of Civil Procedure</u> §§ 377.20, *et seq.*, in her capacity as the Decedent's successor in interest.

17. On or about January 16, 2014, Defendants DOES 1 through 10, inclusive, intentionally, recklessly, deliberately, indifferently, and/or negligently and unreasonably shot, wounded and eventually killed the Decedent. Defendants did so, Plaintiff is informed, believes, and therefore alleges, despite the fact that they: (i) did not have probable cause or reason to believe that either they, or anyone else, were in danger of being killed by the Decedent or sustaining severe bodily harm caused by the Decedent; (ii) had previously not take reasonable, proper and accepted precautions and safeguards when detaining or taking into civil or criminal custody the Decedent.

18. Defendants, DOES 1 through 10, inclusive, tactically placed themselves in a position that precipitated and caused the events to happen.

19. Defendants, DOES 1 through 10, inclusive, intentionally, recklessly, deliberately, indifferently, and/or negligently and unreasonably failed and refused to intervene or make any effort to stop or prevent DOES 1 through 10, inclusive, from shooting, wounding and eventually killing the Decedent.

20. As an actual, legal and proximate result of the intentional, deliberate, indifferent, reckless, unreasonable, negligent and otherwise wrongful conduct of the Defendants, and each of them, Decedent was shot and killed.

21. Defendant COUNTY OF RIVERSIDE, SHERIFF STANLEY SNIFF, and DOES 11 through 50, inclusive, are responsible for implementing, maintaining, sanctioning, and/or condoning policies, customs, practices, procedures, training and

COMPLAINT

supervision with respect to the use of force against those such as the Decedent.

22. The above-alleged conduct of Defendants, DOES 1 through 10, inclusive, was consistent with the training, policies, customs and practices set forth by Defendant COUNTY OF RIVERSIDE and Defendants Does 11 through 50, inclusive, concerning the use of force against persons such as the Decedent, and/or that the use of force against the Decedent by Defendants, DOES 1 through 10, inclusive, was ratified by Defendant COUNTY OF RIVERSIDE and Defendants, DOES 11 through 50, inclusive.

23. As a direct and proximate result of the acts of the Defendants, Decedent suffered, and thus Plaintiff seeks and is entitled to recover, general and special damages, including but not limited to medical expenses and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

24. The aforementioned conduct of Defendants, DOES 1 through 10, inclusive, was done maliciously, oppressively and in conscious disregard for the rights and safety of the Decedent, such that an award of exemplary and punitive damages should be imposed against Defendants, DOES 1 through 10, inclusive, in an amount to be proven at trial.

25. Plaintiff is entitled to recover for said injuries in her capacity as Decedent's successor in interest pursuant to 42 U.S.C. § 1988 and California Code of Civil Procedure §§ 377.10, *et seq.*

## SECOND CAUSE OF ACTION
### Violation of Plaintiff's Own Rights Under the First and Fourteenth Amendments to the United States Constitution to a Familial Relationship and Companionship with the Decedent Pursuant to 42 U.S.C. §§ 1983 and 1988

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. Plaintiff asserts this Second Cause of Action for the violation by the Defendants of her own rights under the First and Fourteenth Amendments to the United States Constitution to a familial relationship and companionship with Decedent pursuant to 42 U.S.C. § 1983, in her individual capacity.

28. In engaging in the actions alleged above, Defendants, DOES 1 through 10, inclusive, were deliberately indifferent to, or acted with reckless disregard of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution to a familial relationship and companionship with Decedent by unlawfully using excessive and deadly force against the Deceased, resulting in the death of the Decedent and the termination of said relationship.

29. Defendant COUNTY OF RIVERSIDE and DOES 11 through 50, inclusive, were objectively deliberately indifferent to the practice of members, employees and/or agents of the Defendant COUNTY OF RIVERSIDE of depriving family members of the Decedent of his substantive due process rights under the First and Fourteenth Amendments to a familial relationship with said Decedent by unlawfully using excessive and/or deadly force against said Decedent, resulting in

injury to, and/or death of, such suspects, and the subsequent substantial impairment and/or termination of said familial relationships.

30. As a direct and proximately result of the wrongful acts and omissions of Defendants, and each of them, as alleged hereinabove, Defendants have deprived the Plaintiff of the life of the Decedent, and his love, comfort, affection, society and support, all to her general damage in an amount to be established at the time of trial.

31. The aforementioned conduct of the individual Defendants was done maliciously, oppressively and with an intent to deprive Plaintiff of her right to a familial relationship with the Decedent, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

**THRID CAUSE OF ACTION**
**Survivors Action**

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. Plaintiff, ROBIN ROBERTS, as surviving mother of the Decedent, is the Successor in Interest to the Decedent, Raymond Roberts, for purposes of bringing an action under California Code of Civil Procedure §§ 377.30, *et seq.*, and have complied with California Code of Civil Procedure § 377.32.

34. Prior to his death, the Decedent, was required to and did employ physicians and surgeons to examine, treat and care for him as a result of the injuries

he sustained in the subject accident, which cause his incredible pain and suffering, and the Decedent did incur medical and incidental expenses in connection therewith. The exact amount of such expense is unknown to the Plaintiff at this time.

35. Prior to his death, the Decedent sustained damage to his personal property, the exact amount of such damage is unknown to Plaintiff at this time.

### FOURTH CAUSE OF ACTION
### Wrongful Death for Excessive Use of Force

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. Defendants, DOES 1 through 10, inclusive, caused the death of the Decedent when they committed a battery against his person by shooting him multiple times.

### FIFTH CAUSE OF ACTION
### Violation of Civil Rights (Cal. Civ. Code § 52.1)
### (Against Defendant CITY OF SAN BERNARDINO)

38. Plaintiff realleges and incorporates paragraphs 1 through 37 above as though fully restated herein.

39. Plaintiff is informed and believes and on that basis alleges that the Defendant COUNTY OF RIVERSIDE maintains policies and customs related to its peace officers', employed by the COUNTY OF RIVERSIDE and under the control of the COUNTY OF RIVERSIDE's sheriff's department, the unreasonable use of force which caused the Plaintiff's Decedent's injuries.

40. Through its acts as alleged herein, Defendant COUNTY OF RIVERSIDE subjected Plaintiff's Decedent to conduct under a color of state law.

41. The conduct of Defendant COUNTY OF RIVERSIDE as alleged herein denied Plaintiff of her rights, privileges and immunities under the Fourth Amendment of the U.S. Constitution in that Plaintiff was subjected to an unreasonable search and seizure.

42. As a direct and proximate result of the Defendants' conduct, Plaintiff's Decedent suffered serious injuries resulting in death, as well as severe emotional distress, mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, all in an amount that exceeds the jurisdictional limit of this court and to be shown according to proof at trial.

43. Defendant's actions, as alleged herein, violated Civil Code § 52.1.

44. Defendant's violation of Civil Code § 52.1 entitles Plaintiff to compensatory and exemplary damages as well as attorneys' fees under Civil Code §§ 52.1 and 52.

45. In doing the acts alleged herein, Defendant COUNTY OF RIVERSIDE knew or should have known that the actions were likely to injure Plaintiff's Decedent. Plaintiff is informed and believes and on that basis alleges that Defendant acted with willful and conscious disregard of Plaintiff's rights as secured by Civil Code § 52.1. Plaintiff is therefore entitled to exemplary damages pursuant to Civil Code §§ 52.1 and 52.

Case 5:14-cv-01784-CAS-KK   Document 1   Filed 08/28/14   Page 14 of 20   Page ID #:14

## SIXTH CAUSE OF ACTION
## Battery
## (Against All Defendants)

46. Plaintiff realleges and incorporates paragraphs 1 through 45 as though fully restated herein.

47. The Defendants, DOES 1 through 10, battered Plaintiff's Decedent when they shot him causing his death.

48. Plaintiff's Decedent did not consent to the attack.

49. Plaintiff's Decedent was harmed and offended by Defendant's conduct.

50. A reasonable person in Plaintiff's Decedent's position would have been offended by the attack.

51. The Defendants, DOES 1 through 10, were acting within the course and scope of their employment, and Defendant COUNTY OF RIVERSIDE is therefore vicariously liable for their actions as alleged herein.

52. As a direct and proximate result of the attack, Plaintiff's Decedent suffered serious injuries resulting in his death, as well as severe emotional distress, mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, all in an amount that exceeds the jurisdictional limit of this court and to be shown according to proof at trial.

53. In doing the acts herein alleged, Defendants, DOES 1-10, acted with malice and oppression, and ill will toward the Plaintiff's Decedent when they intentionally commanded, or set in motion, the shooting attack upon the Decedent

14
COMPLAINT

that resulted in his death. Plaintiff is therefore entitled to exemplary and punitive damages in an amount sufficient to deter Defendants from engaging in such conduct again.

### SEVENTH CAUSE OF ACTION
### Negligent Pre-Deployment Tactics and Negligent Use of Force
### (Against All Defendants except the COUNTY OF RIVERSIDE)

54. Plaintiff re-alleges and incorporates paragraphs 1 through 53 above as though fully restated herein.

55. On or about January 16, 2014, and at all times mentioned herein, Plaintiff's Decedent was the subject of inappropriate pre-deployment tactics and decision making regarding the approach to the decedent's vehicle, the use of unnecessary force against the decedent when he was attacked by the deputies and unreasonably seized, which was caused by the Defendants DOES 1 through 10. Each Defendant was negligent in the performance of his/her law enforcement officer tactics, duties, and supervision and this negligence caused the Plaintiff's decedent's injuries. Defendants had a duty to comply and failed to comply with their above-stated police tactics and duties and their conduct at all times mentioned herein, fell below the standard of care for reasonable police officers, whether in the field or as supervisors, and this breach of duty and negligence caused the injuries and damages alleged herein.

56. The defendants were negligent, and as a result of their actions, the Plaintiff and the Plaintiff's decedent have suffered a tremendous loss, including the

loss of safety, comfort, as well as sustained physical, psychological and emotional injuries and damages.

57. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, the Plaintiff's decedent was injured, and Plaintiff has suffered damages as alleged and set forth above and incorporated herein by reference and her losses entitle her to damages according to California law. Accordingly, the COUNTY OF RIVERSIDE, while not directly liable for negligence to Plaintiff is, nevertheless, vicariously liable to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages;

2. For special damages;

3. For punitive damages under 42 U.S.C. § 1983 or the applicable laws of the State of California, as against the individually named Defendants only;

4. For exemplary damages under Civ. Code §§ 52 and 52.1;

5. For attorneys' fees under 42 U.S.C. § 1988;

6. For attorneys' fees under Civ. Code §§ 52, 52.1 and Cal. Code of Civ. Pro. § 1021.5;

7. For costs and interest to the extent permitted by law; and

8. For such other and further relief as the court deems just and proper.

Dated: August 28, 2014				WALKER TRIAL LAWYERS, LLP

						By: _____
						Barry M. Walker
						Amy M. Oakden
						Attorneys for Plaintiff,
						ROBIN ROBERTS

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues properly triable by jury.

Dated: August 28, 2014           WALKER TRIAL LAWYERS, LLP


By: _____
Barry M. Walker
Amy M. Oakden
Attorneys for Plaintiff,
ROBIN ROBERTS

# DECLARATION OF ROBIN ROBERTS

I, Robin Roberts, declare as follows:

1. I have personal knowledge of the matters set forth below, and, if called as a witness, I could and would competently testify thereto.

2. The decedent's name is Raymond Roberts.

3. Raymond Roberts died on January 16, 2014 in Lake Elsinore, California, after being shot by County of Riverside sheriff's deputies. Attached hereto as Exhibit "1" is a certified copy of the decedent's death certificate.

4. No proceeding is now pending in California for the administration of the decedent's estate.

5. The decedent's estate was not administered.

6. I am the decedent's successor-in-interest (as defined in California Code of Civil Procedure § 377.11) and I succeed to the decedent's interest in this action or proceeding, in that the decedent, Raymond Roberts, was my son under the laws of the State of California.

7. No other person has a superior right to commence this action or proceeding or to be substituted for the decedent in the pending action or proceeding in that the decedent died without issue or spouse.

/ / /

/ / /

/ / /

1  I declare under the penalty of perjury, under the laws of the United States of
2  America and the State of California, that the foregoing is true and of my own
3  personal knowledge.

6  DATED: 8·26·14

_____
Robin Roberts

WALKER TRIAL LAWYERS, LLP
3181B-1 Railroad Canyon Road
Canyon Lake, California 92587
Telephone: 951.637.5792